Rosenberg morning your honors miss Jennings may it please the court in this case the facts are pretty well set set out in both the briefs so we don't have to spend a lot of time there you better speak running on my phone so I can okay is that better much better all right but I would briefly touch upon what happened it at the sentencing and that's really as far into the facts I think we need to get we have a stipulation mr. Fernandez had been arrested on February 2013 he was transporting approximately 20 pounds of methamphetamine it was a controlled delivery to co-defendant Ramirez which had come to the attention of law enforcement because they were monitoring him mr. Fernandez pled guilty pursuant to a plea agreement which contained a stipulation into the microphone sorry the stipulation reading that the quantity of drugs involved with the party stipulating that it was reasonably foreseeable to defendant that the conspiracy involved five kilograms of a mixture and substance containing methamphetamine for a base offense level of 36 that quantity is subsumed in the charged offense it was the stipulation for quantity for sentencing the stipulation was for a base offense level of conspiracy to distribute at least 500 grams the stipulation as to quantity with conspiracy involved five kilograms correct well the conspiracy would charge at least 500 and that was part of the offense that quantity purposes that established a mandatory minimum right correct he's going to plead to that mandatory minimum the agreement has to recite that quantity for purposes of guilt that was not a sentencing stipulation the sentencing stipulation was five kilograms correct okay well I'm not sure what we're crossing somewhere here but I'm not sure no I said five if I did I that was an error it's five kilograms that was what the that's that was the state the sentencing stipulation but there was no agreement on role in the offense right there is no agreement on role in the fence but our whole point is that role in the offense has to be determined within the the drug amount which was stipulated and what occurred here is that the government then brought in additional witnesses presented evidence of additional drug transactions in additional quantities and then which the district court refused to include in its drug calculation correct both the government and the district court stood by their father the government stood by its five kilogram agreement and the district court accepted that right or yes the district court accepted the five gram stipulation and applied it to base offense but what the district court then did was look at all of the other transactions that were involved and for which evidence was presented solely for the purpose of role in the offense correct and so what case says that that you can't do that well the cases that we cited at which I think are dispositive of the issue are primarily whiting Pinkin and and Speller and what Whiting says is that role is determined within the relevant conduct for which the defendant is held responsible Speller says the same relevant conduct used to determine base offense level is also used to determine role in the offense and then Pinkin has I'm not quite sure this was introduced as I understand it by the government as relevant conduct to increase the sentence is that just on the on the weight of the drugs or to have something to do with his status as a leader organizer the sentence was increased on the basis of his role in the offense based on additional or the sentencing of additional drug transactions over and above the drug transaction to which he stipulated or the quantity to which he stipulated which was saying well is this was that on the basis of relevant conduct yes I'm saying that that the determination of the drug quantity was on is the relevant conduct I was trial counsel that didn't go to trial it was a it was a plea yes no I represented was that a surprise to you at the sentencing that they that they introduced more evidence and then was mentioned in the stipulation well there was discovery that would have indicated can't tell you exactly when in the process I became aware of that but I would say that I had some idea that there was this witness out there and another transaction I think it was in the discovery yeah but when you when the plea was made was it your understanding that there wasn't going to be any more testimony about additional drugs in the conspiracy I don't think I had an understanding on that paragraph 8 2 of the plea agreement defendant admits the following beginning as early as February 2013 defendant used that company semi-trailer truck to knowingly voluntarily conceal and transport a large quantity of controlled substance throughout the United States so the notion that that that that the events and I've been events underlying that admission were somehow off-limits to the government by reason of the agreement escapes me well 20 pounds is a large amount of methamphetamine that paragraph also says truck not trucks in addition to which the truck that he drove them the methamphetamine to Des Moines originated in Arizona so he you know that's all that's all perfectly consistent with the charge defense well I am looking at DeWitt and Laura too but these all right well we didn't have a stipulation as to the total total role but role our argument is that role is got to be determined by the relevant conduct to which all right which was stipulated to that's not that may be or may not be a factor if he's if he's or if he's an organizer leader of four five you know five people doesn't matter what the quantity is right he's eligible for that enhancement if excuse me if if that which is the relevant conduct which was stipulated well in this case that's not true first off it doesn't say that's the only relevant conduct and let me pose this hypothetical let's assume you have the stipulation on quantity and then they present evidence of a gun are you saying that that couldn't be used as an enhancement I don't know where that I don't know where that falls in to the I guess the guideline frameworks I'd have a hard time answering that question that you know there's a two-level enhancement for using a gun during the course of a drug trafficking offense right this stipulation says five kilograms I think your position is they couldn't present evidence of the gun because the only relevant conduct is the five kilogram I don't know that the gun is is is really relevant conduct the gun is a separate it's a separate matter with a separate enhancement it's relevant to the base offense level the that's all that was stipulated the total offense level was not and so I don't understand where the government promised in the plea agreement it seems to me the opposite they've they've they under represented in the plea agreement that the only thing that was stipulated was the base offense level again when you look at whiting and Speller in particular what you've got there is you've got cases cases where the defendant is held responsible for a certain amount of drugs and then is seeking a role adjustment in those cases a downward role adjustment but here we have the there was testimony by an agent and a cooperator to support the four level role enhancement what did the well he be certain he his testimony unrebutted at the sentencing certainly proved up the role of fence that's why we didn't argue that we didn't argue that that that disproved that disproves your reliance on whiting it was this was not a strictly quantity based role enhancement well I guess I first of all a lot of time so I don't know if you want me to keep going or not but I think this is a potentially I think the gut we have said more than once the government's got to be held whose plea agreement commitments but that means we have to very carefully discern the four corners of the commitment and I'm having I'm struggling with how you get from the general principles in whiting to this very limited sentencing to the very limited sentencing commitments in this plea agreement and wind up say that all equals breach I don't know how to argue it any differently than I have that's the problem so that's what I got that's what the law says that's what you know I I can I can repeat it but I don't okay thank you may it please the court as the court has already pointed out the defendant's position in this case is that because the party's reached a very narrow stipulation regarding drug quantity in this case both the government and the district court were forced to ignore the prior drug activity that the defendant had been involved in the court perfectly clear the court was was free to undertake the investigation and indeed the subpoena your witnesses to investigate whether the commitment the quantity to which you committed in the oh I agree a hundred percent the government did the defendant's position is that the court had to ignore it that it couldn't admit that evidence and it says that on page four and five of his brief suppose that that it came before the sending court there was a stipulation as to five kilograms and we're right correct how much is that in weight you know is around nine kilograms okay so probably yeah somewhere somewhere we're in the range of a kilogram or or 90 kilograms one pound is how many kilogram I thought there's 2.5 pounds and roughly in a kilogram okay yeah that's what I thought I suppose the defendant came before the and wanted to put in evidence that they made a mistake in calculating the drug quantity in his truck for example and it actually was even though he pretty guilty he had less quantity of methamphetamines and had stipulated to what the government have a proper objection on the stipulation in the government's role at sentencing to provide the court with the truth and if that was the truth that there was less quantity of drugs in the truck than was actually stipulated to I think do it the government has made a promise in a plea agreement its obligation not to breach that plea agreement supersedes it's it's a general obligation to help the court find the truth that breached the truth that sentence that's why that's why this issue is I think obvious I think that in DeWitt the problem was that it was the government was taking a position that harmed the defendant and then the hypothetical was actually going lower and you're saying the government would had an ethical obligation to correct go over that's the fact supported lower correct because it would be unfair to punish lower stipulated to I'm trying to get were you the trial counsel I was oh you wanted an enhancement to that just include the relevant conduct additional drugs to have anything else have anything to do with his being an the government sought at sentencing was a role a leadership enhancement so it was based on the defendants conduct and it was not based in any way on the extra drug quantity that was testified about at sentencing it was based on his organization of loads of drugs to be delivered throughout the United States was based on him recruiting other people to drive trucks for him it did it did also add in the additional quantity of drugs or just on the leadership the court in the government both took the position that we would stay at the 36 if the court did not take into consideration the extra drugs it adopted the stipulation of the parties to a 36 even though the drug quantity that the defendant stipulated to and he's saying that the drives all relevant conduct that actually is a 38 based on the lab reports even if you don't go and look at the other deliveries so both the government and and the government and the court agreed that they would stay at a 36 they just the court and the government were only looking at one issue and that was role because the government had agreed to honor its stipulation at 36 approved without the additional drugs yes in even yes even if even if yes it was but the government and the court it's not about the quantity of drugs no the I mean the government's position is that we made a stipulation about drug quantity in this case it was a benefit to the defendant to give him a 36 and the government and the court stood by that stipulation at sentencing the aspect I'm really glad you asked that at the at the what what paragraph in the plea agreement allowed you to put in this quantity evidence always in the face of the the base offense level stipulation the government's position is that because we did not seek the higher drug quantity at sentencing we were allowed to put in evidence for the court to evaluate the defendants role in this overall organization the government was in no way ever seeking a 38 well in the do it case the reason the court found that to be a breach of the plea agreement is because the government stipulated to a certain drug quantity and then it came back to at sentencing and asked for a higher one and that's complete that's not what happened here the government didn't breach the plea agreement they agreed to a drug quantity and they stood by that at sentencing there was no agreement about role one of your colleagues elected not to help the district court probe whether the plea agreement was too lenient produced too lenient a sentence I recall the government forced the district court produced an interesting appeal forced the district court to go with the probation officer to do the investigation government stood pat and said we aren't going to help you I am familiar with that case and it's not what happened here I provided all the witnesses completely conflicting strategies in this case I agree to a drug stipulation of 36 because that is the amount of drugs we had in hand at the time the plea agreement was sent out we had the 20 pounds of methamphetamine was a substance at that time the lab reports weren't back so it was a 36 where you thought it wasn't a breach of the agreement to then run and tell a court that there were the guy really was responsible for a lot more drugs than that because we weren't seeking a the only and the only reason we use that information is for consideration of role and there was no plea there was no about role in the plea agreement I think it's just the way that the plea agreement was written and what role what aspects of sentencing were agreed upon and which ones were left open which is a basic contract interpretation that it was clearly the issue of role was left open for sentencing yes it is it's in paragraph 11 C 11 C and it's and it's listing the paragraph 11 C which your honor already picked up upon that list the sentencing consideration and paragraph 8 right and there's an agreement about its quantity but there's not about role in the factual stipulations as your honor already pointed out the defendant already agreed stipulated that there was other conduct that was going to be considered at sentencing if you read the plea agreement with as you already have we talk about the defendant owning this trucking company using this trucking company to deliver drugs throughout the United States not just in Iowa and using the truck to deliver controlled substances not only methamphetamine which was the drug that was delivered in this case we talk about that in two paragraphs 8 1 I'm sorry 3 8 1 8 2 and 8 3 those are all paragraphs that describe the conduct that the government provided testimony about at sentencing and then the following paragraph is where we talk specifically specifically about the Iowa delivery on February 8th 2013 and wasn't this a conspiracy case it was your honor this is not relevant conduct this is part of the conspiracy isn't it the government's position is that it is relevant conduct in its relevant conduct because it was one asking you though it really was if to be honest now I want to say but it was part of the whole conspiracy could have been a lot more than 20 kilograms what you're to show an enhancement as part of the enhancement because he was a leader and that's what really makes this case very confusing I understand your position what I was going to ask you is what what was the guideline sentencing here I think you got 205 months what was that it was the low end low end of the guy what would the guideline sentence have been if there had not been an enhancement it would have started out at a at a 36 and been reduced by three points for acceptance of responsibility at a 33 and then he would be a category 1 criminal history I don't know my head I'm sorry your honor 33 1 and if I could just one year the one question you have the court will allow me even though I'm out of time the reason we stipulated to the 36 is because that's all we had at the time that we sent out the plea agreement the defendant was well aware of the Chicago 2011 delivery we disclosure and then at the time that we were investigating a L that debriefing occurred two days before I sent out the agreement it was a very lengthy debriefing and the myself the same time that I sent out the plea agreement you're suggesting that the only thing the only thing that you're willing to give up is what you can't prove in a plea agreement that's not that's not the way bargaining goes and in my in in my view regardless of the result here no prosecutor who had read our opinion and well I'm on the basis of this plea agreement put in that quantity evidence particularly when you could prove rose roll so easily without additional quantity of it that's just my view of the world thank you your honor you started to actually answer a minute ago why you put in evidence of additional quantities with respect to roll and you sort of stopped I wondered if you might want to answer that the reason that I presented actually at the sentencing hearing defense counsel objected when I asked how much the quantity was in a prior delivery and the reason I admitted it or I asked for it to be admitted is because it's part of the relevant conduct analysis the similarity and the amount of the deliveries I wasn't you know presenting it for purposes of the drug quantity but to have that those other deliveries be included as relevant conduct and that was the very limited purpose that I presented it at sentencing one more one more question is I'm not sure this argument was made but isn't there some danger here that putting on this additional evidence could create 3553 a problems in other words the district court may not use it in its calculations of the guidelines but is otherwise considering it I don't know if that's necessarily a danger in this particular plea agreement we agreed only not to use it to push up the sentencing the 2d 1.1 quantity I'm not sure I think that the court at sentencing wants to know the scope of the entire entire conspiracy and is entitled to consider that as a part of 3553 a that would be the government's response to that question thank you your Rosenberg uses time I think we understand the issue and it's been well presented and we'll take it under advisement